NASH COUNTY DEPARTMENT OF SOCIAL SERVICES BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY EX REL CLAIRENETTE WILLIAMS, MOTHER, ET AL, Plaintiff/Appellant v. MILTON EARL BEAMON, Defendant/Appellee

No. COA96-720

(Filed 17 June 1997)

**Illegitimate Children § 23 (NCI4th)— blood test—99.96% chance of paternity—rebutted by other evidence**

> In an action brought by DSS to establish paternity and to obtain child support and reimbursement of past public assistance paid on behalf of a minor child, who was allegedly fathered by defendant, the trial court did not err in holding that defendant was not the father of the child despite the evidence that blood tests revealed there was a 99.96% probability of paternity where the court found that defendant's testimony that he did not know the child's mother, that he did not have sexual relations with her, and that he was not the father of her child was clear, cogent and convincing evidence sufficient to rebut the presumption of paternity created by the 99.96% probability of paternity. N.C.G.S. § 8-50.1(b1)(4).

**Am Jur 2d, Depositions and Discovery § 286.**

**Admissibility and weight of blood-grouping tests in disputed paternity cases. 43 ALR4th 579.**

Appeal by plaintiff from judgment entered on or about 14 March 1996 by Judge M. Alexander Biggs in Nash County District Court. Heard in the Court of Appeals 18 March 1997.

*Nash County Department of Social Services, by Bradley L. Tharp, for plaintiff appellant.*

*Milton Earl Beamon, pro se, defendant appellee.*

COZORT, Judge.

Nash County Department of Social Services (DSS) appeals from an order denying their request for the establishment of paternity, ongoing child support, and reimbursement of past public assistance paid on behalf of Clarence Williams. For the reasons set forth below, we affirm the district court's order.

On 20 July 1994, DSS filed this action on behalf of Clairenette Williams to establish paternity of Clarence Lee Williams. Clarence Lee Williams was born on 2 May 1978. Clairenette Williams received public assistance from DSS on behalf of Clarence. In its complaint, DSS requested reimbursement of all past public assistance paid for the benefit of Clarence Lee Williams.

Defendant was served with the complaint on 11 August 1994 and requested a blood test regarding his paternity of Clarence Williams. The test performed by Roche Biomedical Laboratories revealed a combined paternity index of 2,316 to 1 with a probability of paternity of 99.96%. At the trial, defendant did not object to the introduction of the paternity test results.

In the order filed below, the trial court entered findings which indicate that Clairenette Williams testified that she had had sexual intercourse with defendant and only defendant during the probable date of conception in August 1977. She testified that she had met defendant at a club and that she went with him to a trailer behind the club and had sexual relations with him. Williams testified that after discovering Beamon's whereabouts through a conversation with a friend, she located defendant in December 1993. A Child Support Enforcement agent testified that Williams had told her that Clarence Williams was conceived after a one-night stand in 1977 with a man named Mitchell Bell and that much later Williams determined that Mitchell Bell was an assumed name of Milton Beamon. Williams herself testified that she did not recall a Mitchell Bell. The results of the

blood test were introduced into evidence, and the court found as fact that the results of the blood test

> indicated that the probability of Defendant's paternity of the child is 99.96% as compared to an untested random male of the North American Black population.

The trial court further found that defendant testified that he did not know Clairenette Williams and that he did not recall meeting her at a club in 1977. He testified he never had sexual relations with her. He acknowledged that he was present in North Carolina in August 1977, visiting from Maryland with his wife.

After making findings of fact relating to the evidence presented, the court concluded as a matter of law that defendant was not the natural, legal or biological father of Clarence Lee Williams.

On appeal plaintiff DSS argues that the trial court erred in ruling that defendant was not the father of Clarence Williams where the probability of paternity in this case was 99.96%. Plaintiff contends that defendant's oral testimony does not amount to clear, cogent and convincing evidence.

N.C. Gen. Stat. § 8-50.1(b1)(4) (Cum. Supp. 1996) (effective 1 August 1994), provides that blood or genetic marker tests shall create a *presumption of parentage* where the probability of parentage is 97% or higher. N.C. Gen. Stat. § 8-50.1(b1)(4) mandates that this "presumption may be rebutted only by clear, cogent, and convincing evidence."

> Clear, cogent and convincing describes an evidentiary standard stricter than a preponderance of the evidence, but less stringent than proof beyond a reasonable doubt.

*N.C. State Bar v. Sheffield,* 73 N.C. App. 349, 354, 326 S.E.2d 320, 323 (citing *In re Montgomery,* 311 N.C. 101, 316 S.E.2d 246 (1984)), *cert. denied,* 314 N.C. 117, 332 S.E.2d 482, *cert. denied,* 474 U.S. 981, 88 L. Ed. 2d 338 (1985).

Our Court has not addressed the question of the appropriate standard of review for paternity cases where the Legislature has set forth the weight of evidence required in the trial court to rebut a presumption of paternity. A review of the case law in other areas where proof of a fact is required to be by clear, cogent, and convincing evidence leads us to conclude that our function in this appeal is to deter-

NASH COUNTY DEPT. OF SOCIAL SERVICES v. BEAMON

[126 N.C. App. 536 (1997)]

mine whether there is evidence in the record to support the facts found by the court and whether the facts found support the conclusion of law reached by the court that defendant was not the father of Clarence Lee Williams. We must determine only whether there was competent evidence to support the court's findings. "It is for the trier of fact to determine whether evidence offered in a particular case is clear, cogent, and convincing." *In re Underwood,* 38 N.C. App. 344, 347, 247 S.E.2d 778, 781 (1978).

In this matter in district court, the trial court sat as fact finder as well as arbiter of the law. The fact finder has the right to consider all, some or none of a witness' testimony; in addition, the fact finder decides the appropriate weight to place on the testimony. N.C.P.I., Civ. 101.15, 101.20; *In re Collins,* 49 N.C. App. 243, 246, 271 S.E.2d 72, 74 (1980).

The trial court made findings that defendant testified he did not know Clairenette Williams, that he did not have sexual relations with her, and that he was not the father of her child. It is apparent the court found defendant's testimony to be clear, cogent, and convincing evidence and therefore sufficient to rebut the presumption created by the 99.96% probability of paternity.

A reviewing court cannot substitute its judgment for that of a lower court where there is evidence, when considered as a whole, supporting the findings and conclusions of the lower court. We cannot say that the trial court, who sat and heard the testimony of the witnesses and had an opportunity to observe their demeanor, erred by determining defendant's testimony in this case, under these facts, to be clear, cogent, and convincing evidence. Thus, where there is evidence in the record to support the court's findings of fact and where the findings support the court's conclusion that defendant is not the father of Clarence Williams, we hold that the trial court's order is

Affirmed.

Judges EAGLES and JOHN concur.